The UNITED STATES, Appellee,

v.

Wayne WOMOCHIL, Appellant.

No. 76–1567.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1977.

Decided Jan. 17, 1977.

pellant's codefendants. We have reviewed the sentencing record in this case, including the transcript of appellant's plea of *nolo contendere* and the presentence report on appellant. We cannot say that Judge Schatz abused his discretion in sentencing appellant to a year and a day. We note that the district court has the power to reduce Womochil's sentence pursuant to Fed.R.Crim.P. 35, if it deems such reduction proper.

Affirmed.

Joseph R. Moore, Omaha, Neb., for appellant.

William E. Zleit, Sp. Atty., U. S. Dept. of Justice, Kansas City, Mo., for appellee; Daniel E. Wherry, U. S. Atty., Omaha, Neb., on brief.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

## ORDER

Appellant Wayne Womochil was charged with conducting an illegal gambling business in violation of 18 U.S.C. § 1955 and 18 U.S.C. § 2. On April 8, 1976, appellant entered a plea of *nolo contendere* to this charge, which plea was accepted by the district court (Judge Albert G. Schatz, D.Neb.). On June 22, 1976, the court sentenced appellant to be committed to the custody of the Attorney General for imprisonment for a period of one year and one day. 18 U.S.C. § 1955 provides, in part:

(a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

In this appeal, Womochil argues that his sentence is excessive and that it is excessive in comparison to sentences imposed on ap-